Dole agt. Fellows.

---

## SUPREME COURT.

### Dole agt. Fellows.

An application for discovery or inspection of books, papers, &c. must be made upon *petition*.

*At Chambers, Buffalo, May* 1851. Mr John Ganson, defendant's counsel, applies for an order, directing the plaintiff to permit the defendant to inspect and take copies of certain entries on his books, or that the plaintiff furnish the defendant copies of

them. The cause is at issue and the discovery is desired to enable the defendant to prepare his defence and for trial.

The application is made upon an affidavit and not upon petition.

SILL, Justice.—In the Exchange Bank vs. Monteath (4 *How. Pr. R.* 282), Judge Harris is reported to have said, "I suppose that, under the code, if a proper case for a discovery should be made by affidavit, the court or judge should make the order." In that case the application was founded upon a petition. There was, therefore, no occasion for the remark quoted, and the point not being there involved, was not of course decided. I am not aware that this question of practice has been passed upon since the Code was amended in 1849.

In Follet vs. Weed (3 *How. Pr. R.* 303), I had occasion to hold, that an application for a discovery of books to enable a party to prepare for trial, was properly made upon petition. The decision was made after the code was adopted and before its amendment, and while the rules of 1847 were in force. I also came to the conclusion in that case, that the mode of proceeding to obtain a discovery, was the same then that it was before the Code took effect (see also the same case before Justice Hoyt, same book, 363). The slight amendment of section 388 of the Code in 1849, has not rendered the decision cited inapplicable to the present practice. That part of section 388 of the Code, as amended, which relates to discovery is not in substance different from the 21st section of the Revised Statutes on the same subject (2 *R. S.* 199). The Code is silent as to the mode of proceeding, to obtain the order for the discovery; but the Revised Statutes required the application to be by petition (§ 23, 2d vol. 199), and in the Code I have discovered nothing inconsistent with this provision of the laws of 1830. Section 471 of the Code, retains and makes applicable to the practice under it, existing statutory provisions, relating to actions, not inconsistent with this act, and in substance applicable to the actions hereby provided." Not only, therefore, does section 23 of the laws of 1830, by the common rules of construction remain unrepealed, but it is ex-

pressly retained by the provisions of the Code which has been quoted. It may also be added that the practice before the code, required the application to be made upon a petition, and may be regarded as continued by section 469.

The 22d section of the statute of 1830, before cited, imposed upon the court the duty of prescribing by general rules, *the cases in which discovery might be compelled,* and it would seem that the case must be one embraced in these general rules, in order to justify an order for discovery. Accordingly the late Supreme Court provided by rule, that applications might be made, 1. By a plaintiff to compel a defendant to discover papers and documents necessary to enable him to declare or answer any pleading of the defendant. 2. By the defendant, to compel the plaintiff to discover papers and documents necessary to enable him to answer any pleading of the plaintiff. 3. By either party, after pleading, to compel a discovery of any papers or documents on which the action or defence was founded; and 4. By either party after issue, for a discovery of *books,* papers or documents, necessary to enable the party applying to prepare for the trial of the cause. The contents of the petition and form of the affidavit of verification, were also prescribed (*Rules* 28, 29 of 1845).

The same rules were adopted, without alteration, by the Supreme Court in 1847 (*Rules* 27 and 28). In the revision of 1849, the third and fourth subdivisions of rule 27 (now rule 8), were, for some cause not apparent, omitted; so that rule 8, as it now stands, embraces in express terms, only those cases in which discovery is necessary to enable the parties to frame their pleadings. What may be the effect of this omission, assuming that section 22, of the Revised Statutes, is applicable to the present practice, I do not now propose to inquire. But I refer to the rules to show that when they contemplate a discovery, they imply that it must be upon petition.

Rule 8, which prescribes the cases in which discovery may be sought, says that the application may be made " in the manner *provided by law.*" Rule 9. provides what shall be stated in the petition, and the form of the affidavit, by which it is verified.

Neither of these expressly directs as to the mode of the application, but that the court understood it to be prescribed *by law*, and that it must be by petition is too plainly indicated by their language to leave any room for doubt on the subject.

The 8th rule, it is true, does not expressly include cases in which the discovery is sought in order to prepare for trial, but the form of the affidavit prescribed by the 9th rule for verifying the petition, does embrace this class. While this shows that the rules were hastily and perhaps inconsiderately framed and adopted, it at the same time shows that the court did not contemplate the absurd practice of requiring a petition when the discovery was sought for one purpose and dispensing with it, when sought for another.

I do not feel called upon to show that the proceeding by petition, has any advantage over one by affidavit.

If the statutes or rules indicate a particular course of practice, it is my duty to preserve it, although I may not perceive its utility. These, in my opinion, plainly prescribe the practice to be followed in cases like this, and the motion is for this reason denied without prejudice to a new application upon petition.